**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

2009 NOV 30  A 11: 41

U.S. DISTRICT COURT
DISTRICT OF MASS.

SUSAN HASSETT, )
Pro Se )
v. ) No.
)
ELISABETH HASSELBECK, ) **COMPLAINT**
CENTER STREET HACHETTE )
BOOK GROUP AND JOHN DOE )

09 CA 12034 MLW

**INTRODUCTION**   MAGISTRATE JUDGE MBK

1.    Susan Hassett (Hassett), pro se, is an individual residing in Falmouth, Massachusetts.

2.    Ms. Hassett is the author of "Living With Celiac Disease," copyrighted in March 2008.

A copy of the copyright registration is attached hereto, marked Exhibit A.

3.    Upon information and belief, Defendant Elisabeth Hasselbeck is an individual with her

principal place of business located at 320 West 66th Street, New York, NY.

4.    The Plaintiff, pro se, sent, with proof of mailing, a copy of her then just self-published

book, "Living With Celiac Disease," [Library of Congress Catalog Card Number ISBN 978-1-

60585-884-5] to Elisabeth Hasselbeck on April 4, 2008. A copy of the US Postal Service

Delivery Confirmation Receipt, dated April 4, 2008, is attached hereto as Exhibit B. Included

with her book was a home made cooking video made by Ms. Hassett, pro se, a newspaper article

about celiac disease dated on or about April 1, 2008 and her business card containing her

address, phone number and email address. In her book, Ms. Hassett, pro se, wrote a personal

note to the Defendant Elisabeth Hasselbeck expressing her hope that her book would find her

well; that it was fortunate that she caught her celiac disease early and; that she would be happy to

discuss anything in her book in order to further spread the word about celiac disease to her viewers.

5.      Thirteen months later, on or about May 4, 2009, the defendants published and distributed a book, "The G-Free Diet - A Gluten - Free Survival Guide" (the Infringing Book), written by defendants Hasselbeck and John Doe, which contains actual copying such that it is substantially similar to plaintiff's copyrighted book.

6.      Elisabeth Hasselbeck promoted the Infringing Book on "Good Morning America" to a nation wide television audience.  The Infringing Book is currently being sold throughout the United States, including in this judicial district.

7.      Defendant Center Street Hachette Book Group (Center Street) is a publishing company with its principal place of business located at 237 Park Avenue, New York, NY.  Center Street publishes the Infringing Book.

8.      The Plaintiff, pro se, is ignorant of the true name or names and address of John Doe, the ghost writer of the Infringing Book.

9.      The Infringing Book is misleading and potentially dangerous as it is being marketed as a diet book for those with celiac disease, rather than a serious approach to a potentially deadly disease.

10. On May 4, 2009 at 7:26 a.m., after seeing Ms. Hasselbeck promote the Infringing Book on "Good Morning America", Ms. Hassett, posted a blog on the ABC web site asking Ms. Hasselbeck to explain the similarities the Infringing Book had to the Ms. Hassett's book mailed to Hasselbeck 13 months earlier.  Within one hour this posting was removed, Ms. Hassett,

reposted her blog and it was removed 15 minutes later. Thereafter, Ms. Hassett's emails were blocked from publication on the ABC web site. On June 9, 2009, a letter setting forth a thorough, though not exhaustive, list of copyright violations was sent to Defendant's Hasselbeck and Center Street Hachette Book Group, by Certified Mail Return Receipt Requested. This letter was received by both Defendants on June 11, 2009 as evidenced by certified mail receipt.

## JURISDICTION AND VENUE

11.     This action asserts claims arising the Copyright Act of 1976 as amended. 17 U.S.C., §§ 101, *et seq*.

12.     This Court has personal jurisdiction over the Defendants, Elisabeth Hasselbeck, Center Street and John Doe because the Defendants have committed tortuous acts both within and without the Commonwealth of Massachusetts through the sale of the Infringing Book which is available nationally and within the Commonwealth of Massachusetts through traditional and online retailers, causing injury to the Plaintiff within the Commonwealth of Massachusetts. Center Street has regularly conducted or solicited business within the Commonwealth of Massachusetts.

13.     Elisabeth Hasselbeck is the co-host of a nationally syndicated television show, "The View" which is also shown throughout the Commonwealth of Massachusetts through television stations affiliated with the American Broadcast Company.

14.     John Doe, as the ghost writer, knowingly participated in the writing, production and sale of the Infringing Book which is available nationally, and within the Commonwealth of Massachusetts through traditional and online retailers.

## DEFENDANT'S INFRINGEMENT OF PLAINTIFF'S
## INTELLECTUAL PROPERTY RIGHTS

15.    The Infringing Book includes dozens of paraphrased as well as word for word phrase lifts,

found in Ms. Hassett's book. A color coded compendium of words and phrases lifted is attached

hereto, marked Exhibit C.

16.    The Infringing Book utilizes an almost identical order and format of 13 chapters of Ms.

Hassett's work. A list of such Framework Similarities is attached hereto, marked Exhibit D.

17.    In addition to the infringing content, upon information and belief, the Infringing Book is

being marketed in a misleading and dangerous manner to those who suffer from celiac disease.

The Executive Director of National Celiac Foundation, Elaine Monarch, issued a warning about

the Infringing Book:

        "I am writing to call your attention to the current publicity surrounding the new

book, 'The G-Free Diet-A Gluten-Free Survival Guide', by Elisabeth Hasselbeck, co-host

of 'The View.' While it is important to call attention to celiac disease, the information

must be accurate- the inaccuracies in this book are potentially dangerous and detrimental

to celiacs and to those yet to be diagnosed if people self diagnose and start eating GF.

Our mission is to assist in getting people accurately diagnosed and the message in this

book could defeat this mission. It appears that this book is being marketed as a fitness

diet- eat g-free and feel so much better. Celiac is incorrectly referred to as an allergy not

an autoimmune disease.

        The GF diet is the medically mediated prescription that controls the condition for

a diagnosed celiac. Several items in the book are misleading and inaccurate and place

further limitations on the GF diet. The gluten-free lifestyle is a lifelong commitment for

the diagnosed celiac, not an option, not a fad – adhering to the GF lifestyle requires

patience and persistence. This lifestyle can not be trivialized."

## COUNT ONE - COPYRIGHT INFRINGEMENT
## ELISABETH HASSELBECK (17 U.S.C., §§ 101, *et seq.*)

18.    The Plaintiff, Susan Hassett, pro se, repeats and re-alleges each and every allegation set

forth in paragraphs 1 through 17, inclusive and incorporates them herein by reference.

19.    By their actions alleged above, Defendant Elisabeth Hasselbeck, has infringed and will

continue to infringe Ms. Hassett's copyright in her book, "Living With Celiac Disease," without

permission.

20.    Plaintiff is entitled to an injunction restraining the Defendant Elisabeth Hasselbeck, her

agents, employees, assigns and all persons acting in concert or participation with them, from

engaging in any further such acts in violation of the Copyright Act.

21.    The Plaintiff is further entitled to recover from Defendant Elisabeth Hasselbeck, the

damages, including attorney's fees, she has sustained and will sustain, and any gains in profits

and advantages obtained by Ms. Hasselbeck as a result of her acts of infringement as alleged

above. At the present, the amount of damages, gains, profits and advantages cannot be fully

ascertained by Plaintiffs, but will be established according to proof at trial. Plaintiff is also

entitled to recover statutory damages for Defendant Elisabeth Hasselbeck's willful infringement

of the Plaintiff's intellectual property in her book, "Living With Celiac Disease."

## COUNT TWO - COPYRIGHT INFRINGEMENT
## CENTER STREET (17 U.S.C., §§ 101, *et seq.*)

22.    The Plaintiff, pro se, Susan Hassett, repeats and re-alleges each and every allegation set

forth in paragraphs 1 through 21, inclusive and incorporates them herein by reference.

gains, profits and advantages cannot be fully ascertained by the Plaintiff, but will be established according to proof at trial.  Plaintiff' pro se, is also entitled to recover statutory damages for Defendant John Doe's willful infringement of Plaintiff's intellectual property in her book, "Living With Celiac Disease".

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Susan Hassett, pro se, respectfully demands:

1.      That the Court find Defendants Elisabeth Hasselbeck, Center Street and John Doe have each infringed Plaintiff's copyrights in her book, "Living With Celiac Disease";

2.      That the Court finds that a substantial likelihood the Defendants Elisabeth Hasselbeck, Center Street and John Doe, will continue to infringe Plaintiff's intellectual property unless permanently enjoined from doing so;

3.      That the Court issue a permanent injunction restraining Defendants Elisabeth Hasselbeck, Center Street and John Doe and their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporation acting in concert with them, from directly or indirectly infringing Plaintiff's copyrights, including, but not limited to the continuing marketing of the Infringing Book or any other works or products or services derived or copied from Plaintiff's copyrighted work and from participating or assisting in any such activity within the United States of America, its territories and protectorates;

4.      That the Court issues an order instructing the Defendants Elisabeth Hasselbeck, Center Street and John Doe, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, to recall from all distributors, wholesalers, jobbers, dealers, retailers and all other persons known to them, the Infringing Book

23.     By its actions alleged above, Defendant Center Street, has infringed and will continue to infringe Ms. Hassett's copyright in her book, "Living With Celiac Disease," without permission.

24.     Plaintiff is entitled to an injunction restraining Defendant Center Street, its agents, employees, assigns and all persons action in concert or participation with them, from engaging in any further violation of the Copyright Act. The Plaintiff is further entitled to recover from Defendant Center Street the damages she has sustained and will sustain and any gains, profits and advantages obtained by Center Street as a result of its acts of infringement as alleged above. At the present time, the amount of damages, gains, profits and advantages cannot be fully ascertained by the Plaintiff, pro se, but will be established according to proof at trial. Plaintiff, pro se, is also entitled to recover statutory damages for Defendant Center Street's willful infringement of the Plaintiff's intellectual property in her book, "Living With Celiac Disease."

## COUNT THREE - COPYRIGHT INFRINGEMENT
## JOHN DOE (17 U.S.C., §§ 101 *et seq.*)

25.     The Plaintiff, Susan Hassett, pro se, repeats and re-alleges each and every allegation set forth in paragraphs 1 through 24, inclusive and incorporates them herein by reference.

26.     By his actions alleged above, Defendant John Doe, has infringed and will continue to infringe Ms. Hassett's copyright in her book, "Living With Celiac Disease", without permission.

27.     Plaintiff' pro se, is entitled to an injunction restraining Defendant John Doe, his agents, employees, assigns and all persons acting in concert or participation with them, from engaging in any further such acts in violation of the Copyright Act.

28.     The Plaintiff pro se, is further entitled to recover from Defendant John Doe, the damages she has sustained and will sustain and any gains in profits and advantages obtained by John Doe as a result of his acts of infringement as alleged above. At the present, the amount of damages,

and any other work, product or service shown to infringe any of Plaintiff's intellectual property;

5.      That the Court enter a judgment for Plaintiff against the Defendants Elisabeth Hasselbeck, Center Street and John Doe respectively for Plaintiff's actual damages, and for any profits attributable to infringements of Plaintiff's intellectual property, according to proof;

6.      That the Court enter judgment for the Plaintiff, pro se, and against Defendants, Elisabeth Hasselbeck, Center Street and John Doe respectively for statutory damages based upon their respective acts of infringement pursuant to the Copyright Act of 1976, 17 U.S.C., §§ 101 *et seq.*;

7.      That the Court awards Plaintiff's costs and disbursements of this action pursuant to 17 U.S.C., § 505 and 15 U.S.C., § 1117;

8.      That the Court grant such other relief as the Court deems proper and just;

9.      Plaintiff demands trial by jury.

SUSAN HASSETT, Pro se,
22 Royal Circle
East Falmouth, MA 02536
508-548-1604

Dated: November 30 2009